UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL RONZONE,

           Plaintiff,

   v.

AURORA LOAN SERVICES, LLC,

           Defendant.

CASE NO. C11-5025BHS

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND RELEASE RECORDED INSTRUMENTS

This matter comes before the Court on Defendant Aurora Loan Services' ("Aurora") motion to dismiss and to release recorded instruments (Dkt. 13). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On January 10, 2011, Plaintiff Michael Ronzone ("Ronzone") filed a verified complaint for quiet title against Aurora alleging various improprieties in the origination, servicing and foreclosure of his loan, including those arising under Article III of the U.S. Constitution (Dkt. 1, ¶ 6), the Seventh, Thirteenth and Fourteenth Amendments thereto "regarding involuntary servitude, enticement to slavery and other civil rights matters" (*id*., ¶¶ 9-10), the Truth in Lending Act ("TILA"), 16 U.S.C. § 1601, *et seq*., the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq*., the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1602, *et seq*. (*id*., ¶ 12), and

other various federal, state and common law claims, including "regarding corporeal substance of Plaintiff's sweat equity grounded in international and Common Law jurisdiction." Dkt. 1.

On July 27, 2011, Aurora filed a motion to dismiss and to release recorded instruments. Dkt. 13. On August 10, 2011, Ronzone responded. Dkt. 17. On August 19, 2011, Aurora replied. Dkt. 19.

## II. FACTUAL BACKGROUND

Ronzone owns the property commonly known as 4801 W. Maple Lane Circle N.W., Gig Harbor, Pierce County, Washington 98335 (the "Property"). Dkt. 1, ¶¶ 2, 4, 21; Ex. F. On March 9, 2007, he secured a loan from Pierce Commercial Bank in the amount of $428,000.00. *Id.*, Exh. C at 1. The loan was evidenced by a note dated March 9, 2007, payable to Pierce Commercial Bank (the "Note"). *Id.* ¶ 6; Dkt. 14, Exh. 1. The Note was secured by a Deed of Trust on the Property dated March 9, 2007, and recorded on March 19, 2007, under Pierce County Auditor's No. 200703190687 (the "Deed of Trust"). *Id.*, Exh. 2.

Aurora is presently the owner and holder of the beneficial interest in the Deed of Trust. Dkt. 1, Ex. C, ¶ 5. On July 16, 2010 Aurora was assigned beneficial interest in the Deed of Trust over three years after that Deed of Trust was recorded (the "Aurora Assignment"). The Aurora Assignment was recorded on September 16, 2010, under Pierce County Auditor's No. 102009160021. Dkt. 14, Exh. 3.

In 2010, Ronzone defaulted on his mortgage loan payments, and non-judicial foreclosure proceedings were commenced. Dkt. 1, Ex. C at 7. This included service on Ronzone of a Notice of Trustee's Sale, dated September 20, 2010, and recorded on October 13, 2010, as Pierce County Auditor's No. 201010130523. Dkt. 14, Exh. 4. On October 15, 2010, Ronzone caused to be recorded a Lis Pendens notice and a "Mechanics Lien Claim." Dkt. 1, Exh. B.

ORDER - 2

## III.  DISCUSSION

**A.    Motion to Dismiss Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. When deciding a motion to dismiss, the Court's consideration is limited to the pleadings. Fed. R. Civ. P. 12(d).

**1.    TILA & HOEPA**

TILA and HOEPA claims must be brought within one year "from the date on which the first regular payment of principal is due under the loan." 15 U.S.C. § 1640(e); *Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996).   The statute of limitations does not apply to claims that are asserted in an action to collect the debt.  15 U.S.C. § 1640(e).

In this case, Aurora asserts that Ronzone's TILA and HOEPA claims are time-barred because the loans were originated in 2007.  Dkt. 13 at 6-7.  Ronzone argues that he is guaranteed the right of recoupment and set-off without limitation.  Dkt. 17 at 5. Ronzone's argument is without merit because this is not an action to collect the debt under the Note.  Therefore, the Court grants Aurora's motion on these claims and Ronzone's TILA and HOEPA claims are dismissed as time-barred.

## 2. RESPA

The majority of claims under RESPA are subject to a one-year statute of limitations. 12 U.S.C. § 2607(a) & 2614. RESPA, however, requires that a "loan servicer" must provide certain information upon receiving from the borrower a qualified written request ("QWR") "for information relating to the servicing of such a loan." 12 U.S.C. § 2605(e)(1)(A). "The term 'servicer' means the person responsible for servicing of a loan . . . ." *Id.* § 2605(i)(2). An action for failure to respond to a QWR may be brought within three years of the violation. 12 U.S.C. § 2614.

In this case, Aurora argues that Ronzone has failed to allege that Aurora is a loan servicer (Dkt. 19 at 7-8) and that Ronzone's other RESPA claims are time-barred (Dkt. 13 at 6-7). The Court agrees. Therefore, the Court grants Aurora's motion on these claims and Ronzone's RESPA claims are dismissed.

## 3. Fiduciary Duty

A breach of fiduciary duty may impose tort liability. Restatement (Second) of Contracts § 193 (1981); *Tedvest Agrinomics VI v. Tedmon Prop. V*, 49 Wn. App. 605, 607, 744 P.2d 648 (1987). To prevail on a duty breach claim, plaintiff must establish: (1) a duty owed; (2) breach of that duty; (3) resulting injury; and (4) that the breach proximately caused damage. *Hansen v. Friend*, 118 Wn.2d 476, 479, 824 P.2d 483 (1992). Whether a legal duty exists is a question of law. *Id.*

In Washington, the general rule is that a lender is not a fiduciary of its borrower. *Barnett v. T.D. Escrow Svcs., Inc.*, 2005 WL 1838623 (W.D. Wash.). Only if a "special relationship" exists is the lender its borrower's fiduciary. *Miller v. U.S. Bank*, 72 Wn. App. 416, 426-427, 865 P.2d 536 (1994). Simply placing trust in another is not sufficient to give rise to a fiduciary duty. *Micro Enhance v. Coopers & Lybrand*, 110 Wn. App. 412, 435, 40 P.3d 1200 (2002).

In this case, Ronzone has failed to assert sufficient allegations to support a claim that Aurora owes a fiduciary duty to Ronzone. Aurora took an interest in the loan nearly three years after it was originated. Based on this fact, Ronzone has failed to allege "enough facts to state a claim to relief that is plausible on its face" that Aurora owed Ronzone any duty during origination of the loan. *Twombly*, 127 S. Ct. at 1974. Therefore, the Court grants Aurora's motion on these claims and Ronzone's fiduciary duty claims are dismissed.

### 4. Rescission

Under TILA, an obligor has the right to rescind within three days of any consumer credit transaction in which a creditor retains a security interest in the obligor's home. 15 U.S.C.A. §1635(a). The creditor must inform the obligor of this right, and if it fails to do so, the obligor has three years to rescind the transaction. *Id*. at (f); *Snohomish County v. Hawkins*, 121 Wn. App. 505, 512, 89 P.3d 713 (2004).

In this case, Ronzone's claim for rescission is time barred. Ronzone originated the loans in March of 2007 and filed his complaint in January of 2011, which is a time period of more than three years. Therefore, the Court grants Aurora's motion on this claim and Ronzone's rescission claim is dismissed.

### 5. Wrongful Foreclosure

In Washington, there is no cause of action for "wrongful foreclosure" when no foreclosure has in fact occurred. *Vawter v. Quality Loan Svc. Corp. of Wa.*, 707 F. Supp. 2d 1115, 1123-24 (W.D. Wash. 2010); *Engel v. First Am. Tit. Ins. Co.*, 2010 WL 3819372 (W.D. Wash.). Absent a trustee's sale of the property, a claim for wrongful foreclosure must be dismissed as a matter of law. *Vawter*, 707 F. Supp. 2d at 1124.

In this case, Ronzone's claim for wrongful foreclosure must be dismissed because Aurora has not actually foreclosed on the house. Therefore, the Court grants Aurora's motion on this claim and Ronzone's wrongful foreclosure claim is dismissed.

### 6. Injunction

In this case, Ronzone requests a permanent injunction against Aurora. Dkt. 1 at 19. Ronzone, however, has failed to state a plausible claim for relief or any wrongful conduct by Aurora that requires injunctive relief. Therefore, the Court grants Aurora's motion on this claim and Ronzone's request for injunctive relief is dismissed.

### 7. Deed of Trust Act

In his response, Ronzone asserts various allegations that the Washington Deed of Trust Act ("DOTA"), RCW 61.24, *et seq.*, is unconstitutional and that Aurora does not have authority to initiate a foreclosure action on the Property. Dkt. 17. Ronzone's arguments are without merit. First, Ronzone has failed to provide any plausible argument that the DOTA is unconstitutional. On the other hand, Aurora cites several cases in which the constitutionality of the DOTA has been challenged and soundly rejected. *See* Dkt. 19 at 6-7.

Second, Ronzone has failed to advance any plausible argument that the assignment of the beneficial interest in the Deed of Trust was invalid or improper. Therefore, under the DOTA, Aurora has the power to initiate a nonjudicial foreclosure action.

### 8. Motion to Dismiss Relief

In the event a court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

In this case, Ronzone specifically requests leave to amend. Dkt. 17 at 8. At this time, the Court is unable to find that any amendment would be futile. Therefore, the Court will grant Ronzone leave to amend. Ronzone must file an amended complaint that is consistent with this order of dismissal no later than September 30, 2011. Failure to file a complaint may result in dismissal.

**B.     Motion to Release Recorded Instrument**

Lien claims which are frivolous or clearly excessive may be ordered released by the Court. RCW 60.04.081. Upon order of the Court, the lien claimant must show cause for the liens. *Id*. If the Court determines that the liens are frivolous or made without reasonable care, it may award costs and reasonable attorney's fees to the party that requested the lien be released. *Id*.

In this case, Ronzone has filed a mechanic's lien and lis pendens against the title to the Property. Aurora requests that the Court release both instruments because they are frivolous and were made without reasonable care. Dkt. 13 at 13-16. Ronzone asserts that he will release the lien and lis pendens if Aurora responds to his QWR. Dkt. 17 at 7-8. Clouding title to the property because of Aurora's alleged failure to respond to a QWR appears to be both frivolous and lacking of reasonable care. Therefore, the Court orders Ronzone to show cause why the lien and lis pendens should not be extinguished and released. Ronzone may file a brief no longer than 10 pages no later than September 26, 2011.

### IV.  ORDER

Therefore, it is hereby **ORDERED** that Aurora's motion to dismiss and release recorded instruments (Dkt. 13) is **GRANTED**. Ronzone must file an amended complaint no later than September 30, 2011, and may show cause no later than September 26, 2011.

DATED this 13th day of September, 2011.

BENJAMIN H. SETTLE
United States District Judge