UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL RONZONE,

        Plaintiff,

    v.

AURORA LOAN SERVICES, LLC, et al.,

        Defendants.

CASE NO. C11-5025BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND RELEASE RECORDED INSTRUMENTS

This matter comes before the Court on Defendants Aurora Loan Services, LLC, ("Aurora") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss and to release recorded instruments (Dkt. 30). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On January 10, 2011, Plaintiff Michael Ronzone ("Ronzone") filed a verified complaint for quiet title against Aurora alleging various improprieties in the origination, servicing and foreclosure of his loan, including those arising under Article III of the U.S. Constitution (Dkt. 1, ¶ 6), the Seventh, Thirteenth and Fourteenth Amendments thereto "regarding involuntary servitude, enticement to slavery and other civil rights matters" (*id*., ¶¶ 9-10), the Truth in Lending Act ("TILA"), 16 U.S.C. § 1601, *et seq*., the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq*., the Home

ORDER - 1

Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1602, *et seq*. (*id*., ¶ 12), and other various federal, state and common law claims, including "regarding corporeal substance of Plaintiff's sweat equity grounded in international and Common Law jurisdiction." Dkt. 1.

On July 27, 2011, Aurora filed a motion to dismiss and to release recorded instruments. Dkt. 13. On September 13, 2011, the Court granted the motion, granted Ronzone leave to amend his complaint, and ordered Ronzone to show cause regarding a lis pendens and mechanic's lein. Dkt. 22. On September 26, 2011, Ronzone responded. Dkt. 23. On September 27, 2011, Aurora replied. Dkt. 24.

On September 30, 2011, Ronzone filed an Amended Complaint adding MERS and Cal-Western Reconveyance Corporation of Washington ("Cal-Western") as Defendants. Dkt. 26. On December 21, 2011, Aurora and MERS filed a motion to dismiss the amended complaint. Dkt. 30. On January 9, 2012, Ronzone responded. Dkt. 32. On January 13, 2012, Aurora and MERS replied. Dkt. 33.

## II. FACTUAL BACKGROUND

Ronzone owns the property commonly known as 4801 W. Maple Lane Circle N.W., Gig Harbor, Pierce County, Washington 98335 (the "Property"). Dkt. 1, ¶¶ 2, 4, 21; Ex. F. On March 9, 2007, he secured a loan from Pierce Commercial Bank in the amount of $428,000.00. *Id*., Exh. C at 1. The loan was evidenced by a note dated March 9, 2007, payable to Pierce Commercial Bank (the "Note"). *Id*. ¶ 6; Dkt. 14, Exh. 1. The Note was secured by a Deed of Trust on the Property dated March 9, 2007, and recorded on March 19, 2007, under Pierce County Auditor's No. 200703190687 (the "Deed of Trust"). *Id*., Exh. 2.

Aurora is presently the owner and holder of the beneficial interest in the Deed of Trust. Dkt. 1, Ex. C, ¶ 5. On July 16, 2010 Aurora was assigned beneficial interest in the Deed of Trust over three years after that Deed of Trust was recorded (the "Aurora

ORDER - 2

Assignment"). The Aurora Assignment was recorded on September 16, 2010, under Pierce County Auditor's No. 102009160021. Dkt. 14, Exh. 3.

In 2010, Ronzone defaulted on his mortgage loan payments, and non-judicial foreclosure proceedings were commenced. Dkt. 1, Ex. C at 7. This included service on Ronzone of a Notice of Trustee's Sale, dated September 20, 2010, and recorded on October 13, 2010, as Pierce County Auditor's No. 201010130523. Dkt. 14, Exh. 4. On October 15, 2010, Ronzone caused to be recorded a Lis Pendens notice and a "Mechanics Lien Claim." Dkt. 1, Exh. B.

### III.  DISCUSSION

**A.  Motion to Dismiss**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. When deciding a motion to dismiss, the Court's consideration is limited to the pleadings. Fed. R. Civ. P. 12(d).

In this case, Defendants move to dismiss all of Ronzone's claims. Dkt. 30. Ronzone only responded to a portion of Defendants' motion stating that the lawsuit is primarily an action under the Fair Debt Collection Practices Act ("FDCPA") with secondary violations of the Washington Deed of Trust Act ("DTA") and various tax codes. Dkt. 32 at 1-2.

ORDER - 3

With respect to the FDCPA, the act applies to "debt collectors." 15 U.S.C. § 1692a(6).  The FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt.  *See Lai v. American Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).  Ronzone has failed to allege or show that either Aurora or MERS is a debt collector under the FDCPA.  *See* Dkt. 26 at  7.  Ronzone merely argues that Defendants are required to divulge the most recent price paid for the Note/Loan so that Ronzone may satisfy his debt by paying this lower amount.  Ronzone's argument is frivolous and wholly without merit.  Therefore, the Court grants Defendants' motion to dismiss Ronzone's FDCPA claim.

With regard to the DTA, the Court has already found that Ronzone's claims fail as a matter of law.  Dkt. 22 at 6.  In the amended complaint, Ronzone includes a paragraph that alleges Aurora has violated the DTA because it is involved in "factoring."  Dkt. 26 at 10.  Ronzone has failed to state a cognizable legal claim.  Therefore, the Court grants Defendants' motion to dismiss Ronzone's DTA claim.

With regard to the various tax code violations, Ronzone alleges that Defendants have failed to pay the gift tax when the loan was purchased from the original lender.  Dkt. 32 at 8-12.  Ronzone has failed to state a cognizable legal claim.  Therefore, the Court grants Defendants' motion on Ronzone's tax code claims.

With regard to the remainder of Ronzone's claims, these are similarly frivolous and Ronzone has failed to respond to Defendants' request for dismissal.  The Court considers Ronzone's failure to respond as an admission that Defendants' motion has merit.  Local Rule CR 7(b)(2).  Therefore, the Court grants Defendants' motion to dismiss the remainder of Ronzone's claims.

With regard to relief, the Court has allowed Ronzone an opportunity to cure the deficiencies in his complaint.  Dkt. 22.  Ronzone has failed to do so and the Court finds

that allowing Ronzone another opportunity to amend the complaint would be futile. Therefore, the Court dismisses Ronzone's claims against Defendants.

**B.     Recorded Instruments**

In his response to the Court's order to show cause, Ronzone argues that the issue is not properly before the Court because Defendants have not answered his complaint. Dkt. 23. This argument is wholly without merit. Therefore, the Court orders the lis pendens and the mechanic's lien to be extinguished.

With regard to an award of attorney's fees, the Court finds that an award is not warranted. However, if Ronzone files a subsequent encumbrance that is similarly unjustified, Ronzone is informed that the Court will likely award costs and fees.

**C.     Cal-Western**

If a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant. Fed. R. Civ. P. 4(m). It is unclear whether Ronzone has served Cal-Western. Therefore, the Court orders Ronzone to show cause why his claims against Cal-Western should not be dismissed without prejudice. Ronzone must respond by March 1, 2012 or the Court will dismiss his claims.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss and to release recorded instruments (Dkt. 30) is **GRANTED**. Ronzone's claims against Aurora and MERS are **DISMISSED**. Ronzone must respond to the order to show cause by March 1, 2012.

DATED this 14th day of February, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge